# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

No. 1:02-CR-37(1)

FILED: **1/6/11**
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID J. MALAND, CLERK

United States of America

v.

Jamie Logan

                    Defendant

### Report and Recommendation Re: Petition for Warrant or Summons for Offender Under Supervision

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed November 16, 2010, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. The Original Conviction and Sentence

Defendant was sentenced on April 29, 2003, before The Honorable Richard A. Schell, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of possession with intent to distribute less than 50 grams of methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of VI, was 77 to 96 months. Defendant was subsequently sentenced to 84 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions drug aftercare; and a $100 special assessment.

## II. The Period of Supervision

On March 27, 2009, defendant completed his period of imprisonment and began service of the supervision term. On August 12, 2010, defendant's conditions of supervision were modified so that he would reside in a community corrections center for 180 days and abide by its rules and pay subsistence. In addition, defendant was to participate in psychiatric, psychological, or mental health treatment, as well as residential drug treatment.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on November 16, 2010. The petition alleges that defendant violated the following conditions of release:

> 1. Special Condition:   Defendant shall reside and participate in a Community Corrections, as instructed, until discharged by the center director, but no longer than 180 days from admission.

> You shall abide by the rules and regulations of the center, and you shall pay subsistence, according to the U.S. Bureau of Prisons' guidelines.

As grounds, the petition alleges that on November 3, 2010, defendant was unsuccessfully discharged from Bannum Place of Beaumont for insolence toward staff and serious noncompliance with a verbal directive by staff.

### IV. Proceedings

On January 5, 2011, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the defendant announced a partial agreement. Defendant agreed to plead "true" to the allegation that he violated a special condition of supervised release by failing to successfully complete his 180 day term at a community corrections center due to insolence toward the staff and serious noncompliance with a verbal directive by staff. At the revocation hearing, defendant did in fact plead "true" to such allegation.

Regarding an appropriate sanction, the parties did not agree, however, as to the term of imprisonment and potential term of supervised release thereafter. The government recommended a sentence of imprisonment of 10 months imprisonment plus 118 days of imprisonment for defendant's unserved community confinement with no supervised release to follow due to defendant's prior violations in July, 2010, and defendant demonstrating an inability to adhere to conditions of supervision. The defendant requested a modification or

extension of supervision to include community confinement at a house center, home detention center, or house arrest. In the alternative, defendant requested 8 months of imprisonment including the 118 days of unserved time or at the most, 12 months and 1 day imprisonment including the 118 days of unserved time with no supervised release based upon the minor nature of the violation.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a special condition of supervised release by failing to successfully complete his 180 day term at a community corrections center, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

According to U.S.S.G § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. As such, defendant had 118 days of unserved community confinement that can be converted to an equivalent period of imprisonment.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**<u>Findings:</u>**

Defendant pled "true" to the allegation that he violated a special condition of supervised release by failing to successfully complete his 180 day term at a community corrections center. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), the undersigned finds that defendant violated conditions of supervised release by failing to successfully complete his 180 day term at a community corrections center due to insolence toward the staff and serious noncompliance with a verbal directive by staff.

**<u>Conclusions and Justification:</u>**

Defendant's violation is a Grade C violation, and defendant's criminal history category is VI. Policy guidelines suggest 8 to 14 months imprisonment upon revocation. Although defendant has demonstrated an inability to adhere to conditions of supervision due to insolence toward staff and noncompliance with a verbal directive from the staff at the community detention center, this violation was relatively minor in nature. As such, a sentence at the lower end of the imprisonment range is appropriate in this case. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

**RECOMMENDATIONS**

1. The court should find that defendant violated a special condition of supervised release, by failing to successfully

complete his 180 day term at a community corrections center, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a total term of imprisonment of 10 months, which includes 118 days of imprisonment for defendant's unserved community confinement.

4. Upon release of imprisonment, defendant should not be placed on supervised release.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __6__ day of January, 2011.

_Earl S. Hines_
Earl S. Hines
United States Magistrate Judge